**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Patrick Scott Baker, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 03-cv-0749 (GK) |
| ) | |
| Great Socialist People's Libyan Arab ) | |
| Jamahirya, *et al*. ) | |
| ) | |
| Defendants. ) | |
| ) | |
| Jackie Nink Pflug, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 08-cv-505 (GK) |
| ) | |
| Great Socialist People's Libyan Arab ) | |
| Jamahirya, *et al*. ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
<u>DUPLICATIVE COMPLAINT</u>**

COME NOW the Plaintiffs, by and through counsel, and hereby file their Opposition to the Libyan State Defendants' Motion to Dismiss Duplicative Complaint. By separate motion, the Libyan Individual Defendants' joined in the Libyan State Defendants' motion. Accordingly, this response opposes both motions, respectively.

In their motion, the Defendants argue that the Court should dismiss either the Second Amended Complaint in *Baker v. Great Socialist People's Libyan Arab Jamahiriya*, No. 03-cv-749 (Dkt. Entry #66) or the Complaint in *Pflug v. Great Socialist*

*People's Libyan Arab Jamahiriya,* No. 08-cv-505 (Dkt Entry # 1).  The interests of all parties, however, will be best protected and judicial economy will best be served if the Court denies Defendants' Motions and grants Plaintiffs' Motion to Consolidate, (Dkt Entry #6), the *Pflug* matter with the *Baker* matter.

## ARGUMENT

As the Defendants' motion correctly sets forth, on February 29, 2008, this Court granted the Plaintiffs' leave to file a Second Amended Complaint in the *Baker* matter. The Second Amended Complaint asserts allegations under 28 U.S.C. §1605A and in the alternative 28 U.S.C. § 1605(a)(7).  In their motion requesting leave, the Plaintiffs argued that the National Defense Authorization Act for Fiscal Year 2008, Pub. L. No. 110-181, 122 Stat. 3, 338-344 (2008) ("NDAA"), Sec. 1083(c)(2)(A), required them to file a motion requesting that the Court deem the action to be given the effect as "if it had originally been filed under section 28 U.S.C. § 1605A(c)",[1] which the Plaintiffs did by requesting leave to file a Second Amended Complaint.

In addition, in order to fully protect their rights to proceed under the new cause of action created by 28 U.S.C. §1605A(c), Plaintiffs filed the new *Pflug* complaint on March 24, 2008.  Unlike the Second Amended Complaint in *Baker*, which asserts causes

---

[1] Public Law No. 110-181, Sec. 1083(c)(2)(A) provides in pertinent part that with regard to its application to pending cases, for any prior action, such as the one that is currently before the Court, that if that action was originally brought pursuant to old section 28 U.S.C. § 1605(a)(7) or section 101(c) of Division A of Public Law 104-208, known as the "Flatow Amendment" 28 U.S.C. § 1605 note, and relied on those provisions to create a cause of action, and was adversely affected on the grounds that § 1605(a)(7) or the Flatow Amendment failed to create a cause action and is before the courts in any form, then on a motion made by the plaintiffs, in the district court where the action was initially entered, be given effect as if such action had been originally filed under § 1605A(c).  Here, the action was originally brought in a timely manner by the Plaintiffs pursuant to § 1605(a)(7).  In its June 30, 2005 Order, these Plaintiffs' claims were adversely affected, when this Court ruled there was no federal cause of action pursuant to the Flatow Amendment.  Accordingly, as this case remains pending before this Court, pursuant to the new legislation, the Plaintiffs may make a motion to this Court to request that this action be given the effect as having been originally filed under 28 U.S.C. § 1605A(c).  In making their Motion for Leave to File a Second Amended Complaint, Plaintiffs effectuated the request that was explicitly required under the new legislation.

under 28 U.S.C. § 1605A(c) and in the alternative 28 U.S.C. § 1605(a)(7), the *Pflug* Complaint only asserts causes of action pursuant to 28 U.S.C. § 1605A(c). Moreover, it does not rely on the statutory construction of the NDAA in Sec. 1083(c)(2)(A) to permit the Court to give the case the effect of having been brought under 28 U.S.C § 1605A(c), rather it was filed as a new related action to the *Baker* case, within the statutory time period permitted by the NDAA.[2] Plaintiffs were compelled to file the *Pflug* matter when they did because of (1) the statutory time requirements imposed by Public Law No. 110-181, Sec. 1083(c)(3)(B), and (2) because Plaintiffs believed that the Defendants would challenge their right to proceed under Sec. 1083(c)(2)(A) by filing a Second Amended Complaint.[3]

While the Defendants have argued that the *Baker* and *Pflug* cases are entirely duplicative, that is not accurate because (1) *Baker* was amended pursuant to (Sec. 1083(c)(2)(A) and *Pflug* was brought pursuant to a different provision of the NDAA, Sec. 1083(c)(3)(B), and (2) the *Baker* complaint alleges causes of action under 28 U.S.C. §1605A(c) and in the alternative 28 U.S.C. § 1605(a)(7) while the *Pflug* complaint only asserts causes of action pursuant to 28 U.S.C. § 1605A(c). When there is concern that complaints are duplicative, courts have the power to consolidate suits between the same parties concerning the same subject matter and often do so. *Moncrief v. Kennedy*, 1988

---

[2] Public Law No. 110-181, Sec. 1083(c)(3)(B) which provides, in pertinent part, that if an action arising out of an act or incident has been timely commenced under section 1605(a)(7), as the *Baker* case was, then any other action arising out the same act or incident may be brought under section 1605A, provided that the related action was brought within 60 days of the enactment of the NDAA. The NDAA was enacted on January 28, 2008, thus the *Pflug* matter was brought within the requisite 60 days.

[3] Defendants have in fact challenged whether in the *Baker* Second Amended Complaint the Plaintiffs causes of action should given effect as if such action had been originally filed under § 1605A(c). See Libyan State Defendants Motion to Dismiss Plaintiffs' Second Amended Complaint (Dkt Entry #81) at pages 3-6 where Defendants argue that Section 1083(c)(2)(A) does not apply to the *Baker* matter. The Libyan Individual Defendants adopted these same arguments in their contemporaneously filed Motion to Dismiss the Plaintiffs Second Amended Complaint (Dkt. Entry #80) at pg. 32.

3

U.S. App. LEXIS 18786 at *2 (D.C. Cir. 1988) (citing *Walton v. Eaton Corp.* 563 F.2d 66, 71 (3d Cir.1977)).  *See also*, *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. N.Y. 2000) (If there is a duplicative suit a court will commonly . . . consolidate the two actions.).

In the *Walton* case, which the Defendants' rely on to support their argument for dismissal of either the *Baker* or *Pflug* complaint, the court held,

> When a court learns that two possibly duplicative actions are pending on its docket, consolidation may well be the most administratively efficient procedure. If the second complaint proves to contain some new matters, consolidation unlike dismissal of the second complaint without prejudice or staying the second action will avoid two trials on closely related matters. If, on the other hand, the second complaint proves to contain nothing new, consolidation of the two actions will cause **no harm** provided that the district court carefully insures that the plaintiff does not use the tactic of filing two substantially identical complaints to expand the procedural rights he would have otherwise enjoyed.

563 F.2d at 71 (emphasis added).  Here, the plaintiffs are not attempting to expand their procedural rights, nor are they attempting to circumvent the rules for amending a complaint.  To the contrary, Plainitffs have followed the exact procedures explicitly prescribed by NDAA sec. 1083(c)(2)(A) and as same have now been affirmed in the recent decision of *Simon v. Republic of Iraq*, 529 F.3d 1187, 1191-93 (D.C. Cir. 2008).  In *Simon*, the D.C. Circuit issued a comprehensive opinion which addresses the application of NDAA and §1605A.

In *Simon*, the D.C. Circuit made several important holdings.  First, the Circuit held even after the enactment of the NDAA, courts retain jurisdiction over cases filed pursuant to § 1605(a)(7), and that courts may enter judgments pursuant to § 1605(a)(7).  *Id*. at 1191-92.  In addition, the Court found that in order to claim the benefits of the newly enacted § 1605A, plaintiffs must file "a new

4

action under that new provision." *Id*. at 119.  Thus, the D.C. Circuit contemplated that there would be situations, such as this one, where the plaintiffs would not only maintain their original action under 28 U.S.C. § 1605(a)(7), but would also proceed with filing a new action to insure that they were able to claim the new benefits afforded in the newly enacted 28 U.S.C. § 1605A.[4]

Defendants have filed a motion to dismiss in *Baker* that challenges the constitutionality of the NDAA and § 1605A, arguing, in part, that the retroactive amendment mechanism of the NDAA and §1605A is unconstitutional, and thereby Plaintiffs' claims under 28 U.S.C. § 1605A should be dismissed in *Baker*.  If Defendants prevail on this challenge, only Plaintiffs' 28 U.S.C. § 1605(a)(7) related claims in *Baker* will survive.[5]

Defendants have advised the Court that they will seek to dismiss the *Pflug* matter in a separate motion to dismiss.  Accordingly, this Court should not dismiss either *Baker* or *Pflug* in the event that Defendants' challenge to the constitutionality of the NDAA and § 1605A fails but Defendants' challenge to the amendment mechanism of the NDAA succeeds; Plaintiffs would be left without a full remedy.  In that event, Plaintiffs will need the *Pflug* complaint to bring their cause of action under § 1605A against the Defendants.  Plaintiffs, therefore, must be permitted to maintain both lawsuits until

---

[4] 28 U.S.C. § 1605A now unequivocally creates a federal private right of action for nationals of the United States (or their legal representatives) who were injured or killed by acts of terrorism against any foreign state that is or was a state sponsor of terrorism.  This private cause of action allows these individuals to maintain a federal cause of action for money damages which may include economic damages, solatium, pain and suffering and punitive damages.  In addition, the law provides that the foreign state shall be vicariously liable for the acts of its officials, employees and agents.  28 U.S.C. § 1605A(c). It also provides that the foreign state shall be liable for additional damages relating the reasonably foreseeable property loss that was incurred by reason of the same acts of terrorism  28 U.S.C. § 1605A(d).

[5] *Simon v. Republic of Iraq*, 529 F.3d 1187, 1191-93 (D.C. Cir. 2008) (holding that plaintiffs with pending actions at the time of the passage of the NDAA may continue to pursue them under 28 U.S.C. § 1605(a)(7) and the Flatow Amendment, supplemented by state causes of action).

Defendants' substantive motions to dismiss have been finally resolved in order to ensure that have not failed to assert all of their lawful rights.

Finally, the Defendants cannot argue that they are in any way prejudiced or unduly burdened if the Plaintiffs are permitted to proceed through a consolidation of the *Baker* and *Pflug* matters, because the parties have agreed to proceed in a consolidated and efficient proceeding, should the Court not grant Defendants' Motion to Dismiss for duplicative reasons. Thus, all of the pleadings and decisions of the Court will apply in both cases, with no additional burden applying to any of the parties or the Court.

Plaintiffs therefore respectfully request the Court deny Defendants' Motion to Dismiss on the ground of duplicativeness and grant Plaintiffs' pending motion to consolidate the *Plfug* matter with the *Baker* matter remaining as the senior matter.

August 13, 2008					Respectfully Submitted,

**Counsel for the Plaintiffs**:

HEIDEMAN NUDELMAN
 & KALIK, P.C.
1146 19th Street, N.W.
Fifth Floor
Washington, DC  20036
Telephone:  202-463-1818
Telefax:  202-463-2999

By:  /s/*Richard D. Heideman*_____
   _/s/ Tracy Reichman Kalik_____
   Richard D. Heideman (No. 377462)
   Noel J. Nudelman (No. 449969)
   Tracy Reichman Kalik (No. 462055)

PERLES LAW FIRM, P.C
1146 19th Street, N.W.
Fifth Floor
Washington, DC  20036
Telephone: 202-955-9055

Telefax:    202-955-3806

By: /s/  *Steven R. Perles*_____
    __*/s/ Edward MacAllister*_____
Steven R. Perles (No. 326975)
Edward MacAllister

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                )
Patrick Scott Baker, *et al.*,  )
                                )
            Plaintiffs,         )
                                )
    v.                          )    Civil Action No. 03-cv-0749 (GK)
                                )
Great Socialist People's Libyan Arab )
Jamahirya, *et al*.             )
                                )
            Defendants.         )
_____)
                                )
Jackie Nink Pflug, et al.       )
                                )
            Plaintiffs,         )
                                )
    v.                          )    Civil Action No. 08-cv-505 (GK)
                                )
Great Socialist People's Libyan Arab )
Jamahirya, *et al*.             )
                                )
            Defendants.         )
_____)

## **ORDER**

This matter having come before the Court on Libyan Defendants' Motion to Dismiss Duplicative Complaint (Dkt. #92 and Dkt. #6, *Baker* and *Pflug* respectively) and joined in by motion by the Libyan Individual Defendants (Dkt. # 93 and Dkt. #7, *Baker* and *Pflug* respectively) and the Court having been sufficiently advised,

   IT IS HEREBY ORDERED and ADJUDGED that Defendants motions are hereby DENIED.

   IT IS FURTHER ORDERED that Plaintiffs' Motion to Consolidate the *Pflug* action with the *Baker* action (Dkt. #5) is hereby GRANTED and these matters are hereby

Case 1:08-cv-00505-GK   Document 9-2   Filed 08/13/2008   Page 2 of 2

consolidated for all further proceedings with the *Baker* matter remaining as the senior lead action.

      IT IS SO ORDERED on this the _____ day of _____, 2008.

_____
Hon. Gladys Kessler
United States District Court