**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| PATRICK SCOTT BAKER, *et al.*, ) | | |
| ) | | |
| *Plaintiffs*, ) | | |
| ) | | |
| v. ) | Civil Action No. 03-749 (GK) | |
| ) | | |
| SOCIALIST PEOPLE'S LIBYAN ) | | |
| ARAB JAMAHIRIYA, *et al.*, ) | | |
| ) | | |
| *Defendants*. ) | | |
| JACKIE NINK PFLUG, *et al.*, ) | | |
| ) | | |
| *Plaintiffs*, ) | | |
| ) | | |
| v. ) | Civil Action No. 08-505 (GK) | |
| ) | | |
| GREAT SOCIALIST PEOPLE'S LIBYAN ) | | |
| ARAB JAMAHIRIYA, *et al.*, ) | | |
| ) | | |
| *Defendants*. ) | | |

**JOINT MOTION TO STAY ALL PROCEEDINGS AS TO THE LIBYAN DEFENDANTS**

Come now the Plaintiffs, and both the Libyan State Defendants and the Libyan Individual Defendants (collectively "Libyan Defendants"), by counsel, and respectfully submit this joint motion to stay all proceedings for sixty days in light of (i) the recent enactment of Libyan Claims Resolution Act, Pub. L. No. 110-301 (July 31, 2008) (the "Act") (Exhibit A) and (ii) the subsequent execution by the United States and Libya of the international agreement described in the Act.

As set forth in the Libyan State Defendants' Notice of Supplemental Authority filed on August 12, 2008 in *Baker* (D.E. 94) and *Pflug* (D.E. 9), Congress passed the Act, on July 31,

2008. President Bush signed the Act into law on August 4, 2008. *See* Press Release, White House Office of the Press Secretary, President Bush Signs S. 3370 Into Law (Aug. 4, 2008) (Exhibit B). The Libyan Claims Resolution Act contemplates a "comprehensive settlement . . . pursuant to an international agreement between the United States and Libya as a part of the process of restoring normal relations between Libya and the United States." Act at § 3. On August 14, 2008, the United States and Libya executed the international agreement described in the Act. *See* Press Statement, Department of State, Libya Claims Settlement (Aug. 14, 2008) (Exhibit C). The Act contemplates that once the Secretary of State certifies receipt of payment of the funds described in the Act, eligible claimants will receive compensation through claims-settlement procedures to be administered by the U.S. government. Act at § 5(a)(2)(B)(ii).

Therefore, the parties respectfully move the Court to stay all proceedings as against the Libyan Defendants in this matter for a period of sixty (60) days to permit the steps described above to proceed ("Stay Period"). Either party shall have the right to move to shorten the Stay Period based upon any further development or change of circumstances. Nothing in the requested relief is intended to prohibit the parties from seeking further involvement of Magistrate Judge Kay should it be deemed appropriate by any party during the pendency of the stay.

If the pending actions between the parties to this Joint Motion have not been fully resolved prior to the expiration of the 60-day stay period, the parties will file a report with the Court regarding the status of the matter and such future proceedings or actions as any party believes may be necessary and consistent herewith.

Dated:  August 27, 2008						Respectfully submitted,


                           **HEIDEMAN NUDELMAN**
                           **& KALIK, P.C.**

                           /s/Richard D. Heideman
                           /s/ Tracy Reichman Kalik
Richard D. Heideman (D.C. Bar No. 377462)
Noel J. Nudelman (D.C. Bar No. 449969)
Tracy Reichman Kalik (D.C. Bar No. 462055)

1146 19th Street, N.W.
Fifth Floor
Washington, DC  20036
Telephone:  202-463-1818
Telefax:  202-463-2999

**PERLES LAW FIRM, P.C**

Steven R. Perles (D.C. Bar No. 326975)
Edward MacAllister
1146 19th Street, N.W.
Fifth Floor
Washington, DC  20036
Telephone: 202-955-9055
Telefax:     202-955-3806

*Counsel for Plaintiffs*

3

**WHITE & CASE** LLP

*/ s / Nicole E. Erb*
Christopher M. Curran (D.C. Bar No. 408561)
Francis A. Vasquez, Jr. (D.C. Bar No. 442161)
Nicole E. Erb (D.C. Bar No. 466620)
Charles C. Moore (D.C. Bar No. 472593)
701 Thirteenth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

*Counsel for Defendants Great Socialist People's Libyan Arab Jamahiriya, the Libyan Internal Security Organization, and the Libyan External Security Organization*


**BAACH ROBINSON & LEWIS, PLLC**

*/s/ A. Katherine Toomey*
Eric. L. Lewis (D.C. Bar No. 394643)
A. Katherine Toomey (D.C. Bar No. 426658)
1201 F. Street, NW
Suite 500
Washington, DC 20004
Telephone: 202-833-8900
Facsimile: 202-466-5738

*Counsel for the Individual Defendants*

4

# Exhibit A

**UNITED STATES PUBLIC LAWS**
**110th Congress - Second Session**
**Convening January 04, 2008**

Copr. © 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt.Works

Additions and Deletions are not identified in this database.
Vetoed provisions within tabular material are not displayed

PL 110-301 (S 3370)
August 4, 2008
LIBYAN CLAIMS RESOLUTION ACT

An Act To resolve pending claims against Libya by United States nationals, and for other purposes.

Be it enacted by the Senate and House of Representatives of the United States
of America in Congress assembled,

<< 28 USCA § 1605A NOTE >>

SECTION 1. SHORT TITLE.

This Act may be cited as the "Libyan Claims Resolution Act".

<< 28 USCA § 1605A NOTE >>

SEC. 2. DEFINITIONS.

In this Act--

(1) the term "appropriate congressional committees" means the Committee on Foreign Relations and the Committee on the Judiciary of the Senate and the Committee on Foreign Affairs and the Committee on the Judiciary of the House of Representatives;

(2) the term "claims agreement" means an international agreement between the United States and Libya, binding under international law, that provides for the settlement of terrorism-related claims of nationals of the United States against Libya through fair compensation;

(3) the term "national of the United States" has the meaning given that term in section 101(a)(22) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(22));

(4) the term "Secretary" means the Secretary of State; and

(5) the term "state sponsor of terrorism" means a country the government of which the Secretary has determined,

for purposes of section 6(j) of the Export Administration Act of 1979 (50 U.S.C. App. 2405(j)), section 620A of the Foreign Assistance Act of 1961 (22 U.S.C. 2371), section 40 of the Arms Export Control Act (22 U.S.C. 2780), or any other provision of law, is a government that has repeatedly provided support for acts of international terrorism.

<< 28 USCA § 1605A NOTE >>

SEC. 3. SENSE OF CONGRESS.

Congress supports the President in his efforts to provide fair compensation to all nationals of the United States who have terrorism-related claims against Libya through a comprehensive settlement of claims by such nationals against Libya pursuant to an international agreement between the United States and Libya as a part of the process of restoring normal relations between Libya and the United States.

**\*3000**

<< 28 USCA § 1605A NOTE >>

SEC. 4. ENTITY TO ASSIST IN IMPLEMENTATION OF CLAIMS AGREEMENT.

(a) DESIGNATION OF ENTITY.--

(1) DESIGNATION.--The Secretary, by publication in the Federal Register, may, after consultation with the appropriate congressional committees, designate 1 or more entities to assist in providing compensation to nationals of the United States, pursuant to a claims agreement.

(2) AUTHORITY OF THE SECRETARY.--The designation of an entity under paragraph (1) is within the sole discretion of the Secretary, and may not be delegated. The designation shall not be subject to judicial review.

(b) IMMUNITY.--

(1) PROPERTY.--

  (A) IN GENERAL.--Notwithstanding any other provision of law, if the Secretary designates any entity under subsection (a)(1), any property described in subparagraph (B) of this paragraph shall be immune from attachment or any other judicial process. Such immunity shall be in addition to any other applicable immunity.

  (B) PROPERTY DESCRIBED.--The property described in this subparagraph is any property that--

  (i) relates to the claims agreement;  and

  (ii) for the purpose of implementing the claims agreement, is--

  (I) held by an entity designated by the Secretary under subsection (a)(1);

  (II) transferred to the entity; or

  (III) transferred from the entity.

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

(2) OTHER ACTS.--An entity designated by the Secretary under subsection (a)(1), and any person acting through or on behalf of such entity, shall not be liable in any Federal or State court for any action taken to implement a claims agreement.

(c) NONAPPLICABILITY OF THE GOVERNMENT CORPORATION CONTROL ACT.--An entity designated by the Secretary under subsection (a)(1) shall not be subject to chapter 91 of title 31, United States Code (commonly known as the "Government Corporation Control Act").

<< 28 USCA § 1605A NOTE >>

SEC. 5. RECEIPT OF ADEQUATE FUNDS; IMMUNITIES OF LIBYA.

(a) IMMUNITY.--

(1) IN GENERAL.--Notwithstanding any other provision of law, upon submission of a certification described in paragraph (2)--

  (A) Libya, an agency or instrumentality of Libya, and the property of Libya or an agency or instrumentality of Libya, shall not be subject to the exceptions to immunity from jurisdiction, liens, attachment, and execution contained in section 1605A, 1605(a)(7), or 1610 (insofar as section 1610 relates to a judgment under such section 1605A or 1605(a)(7)) of title 28, United States Code;

  (B) section 1605A(c) of title 28, United States Code, section 1083(c) of the National Defense Authorization Act for Fiscal Year 2008 (Public Law 110-181; 122 Stat. 342; **\*3001** 28 U.S.C. 1605A note), section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997 (28 U.S.C. 1605 note), and any other private right of action relating to acts by a state sponsor of terrorism arising under Federal, State, or foreign law shall not apply with respect to claims against Libya, or any of its agencies, instrumentalities, officials, employees, or agents in any action in a Federal or State court; and

  (C) any attachment, decree, lien, execution, garnishment, or other judicial process brought against property of Libya, or property of any agency, instrumentality, official, employee, or agent of Libya, in connection with an action that would be precluded by subparagraph (A) or (B) shall be void.

(2) CERTIFICATION.--A certification described in this paragraph is a certification--

  (A) by the Secretary to the appropriate congressional committees;  and

  (B) stating that the United States Government has received funds pursuant to the claims agreement that are sufficient to ensure--

   (i) payment of the settlements referred to in section 654(b) of division J of the Consolidated Appropriations Act, 2008 (Public Law 110-161;  121 Stat. 2342);  and

   (ii) fair compensation of claims of nationals of the United States for wrongful death or physical injury in cases pending on the date of enactment of this Act against Libya arising under section 1605A of title 28, United States Code (including any action brought under section 1605(a)(7) of title 28, United States Code, or section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997 (28 U.S.C. 1605 note), that has been given effect as if the action had originally been filed under 1605A(c) of title 28, United

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

States Code, pursuant to section 1083(c) of the National Defense Authorization Act for Fiscal Year 2008 (Public Law 110-181; 122 Stat. 342; 28 U.S.C. 1605A note)).

(b) TEMPORAL SCOPE.--Subsection (a) shall apply only with respect to any conduct or event occurring before June 30, 2006, regardless of whether, or the extent to which, application of that subsection affects any action filed before, on, or after that date.

**\*3002**
(c) AUTHORITY OF THE SECRETARY.--The certification by the Secretary referred to in subsection (a)(2) may not be delegated, and shall not be subject to judicial review.

Approved August 4, 2008.

PL 110-301, 2008 S 3370

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

# Exhibit B

THE WHITE HOUSE
PRESIDENT GEORGE W. BUSH

Home > News & Policies

For Immediate Release
Office of the Press Secretary
August 4, 2008

**President Bush Signs S. 3370 Into Law**

On Monday, August 4, 2008, the President signed into law:

S. 3370, the "Libyan Claims Resolution Act," which provides authority to resolve pending claims against Libya by United States nationals.

# # #

# Exhibit C

**U.S. Department of State**

Press Statement
**Robert Wood, Acting Deputy Spokesman**
Washington, DC
August 14, 2008

# Libya Claims Settlement

On August 14, 2008, the United States and Libya signed a comprehensive claims settlement agreement in Tripoli.

The agreement is designed to provide rapid recovery of fair compensation for American nationals with terrorism-related claims against Libya. It will also address Libyan claims arising from previous U.S. military actions. The agreement is being pursued on a purely humanitarian basis and does not constitute an admission of fault by either party. Rather, pursuant to the agreement an international Humanitarian Settlement Fund will be established in Libya to collect the necessary resources for the claims on both sides. No U.S. appropriated funds will be contributed, and any contributions by private parties will be voluntary. Each side will be responsible for distributing the resources it receives to its own nationals and to ensure the dismissal of any related court actions.

The U.S. Congress has supported this initiative by passing the Libyan Claims Resolution Act, which was signed into law by the President on August 4. The law authorizes the Secretary of State to immunize the assets of the Humanitarian Settlement Fund so they will reach the intended recipients. The law also provides that Libya's immunity from terrorism-related court actions will be restored when the Secretary of State certifies that the United States has received sufficient funds to pay the Pan Am 103 and La Belle Discotheque settlements and to provide fair compensation for American deaths and physical injuries in other pending cases against Libya. The resources under the agreement are expected to be sufficient to fulfill further purposes such as additional recoveries for death and physical injury because of special circumstances, claims for emotional distress, and terrorism-related claims by commercial parties.

To ensure a successful outcome to this initiative, the final remaining steps are to establish the Humanitarian Settlement Fund and for it to assemble the necessary resources.
**2008/641**

Released on August 14, 2008


BACK TO TOP

Published by the U.S. Department of State Website at http://www.state.gov maintained by the Bureau of Public Affairs.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PATRICK SCOTT BAKER, *et al.*, ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | |
| v. ) | Civil Action No. 03-749 (GK) |
| ) | |
| SOCIALIST PEOPLE'S LIBYAN ) | |
| ARAB JAMAHIRIYA, *et al.*, ) | |
| ) | |
| *Defendants*. ) | |
| JACKIE NINK PFLUG, *et al.*, ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | |
| v. ) | Civil Action No. 08-505 (GK) |
| ) | |
| GREAT SOCIALIST PEOPLE'S LIBYAN ) | |
| ARAB JAMAHIRIYA, *et al.*, ) | |
| ) | |
| *Defendants*. ) | |

## **ORDER**

Upon consideration of the parties' joint request for a stay of proceedings in this matter, it is hereby

ORDERED that all further proceedings be stayed for 60 days in light of (i) the recent enactment of Libyan Claims Resolution Act, Pub. L. No. 110-301 (July 31, 2008) (the "Act") and (ii) the subsequent execution by the United States and Libya of the international agreement described in the Act. The Court acknowledges that either party may seek further involvement from Magistrate Judge Kay for further proceedings within the mediation process, should it be deemed appropriate by any party during the pendency of the stay.

2

Accordingly, the Court further orders that during the 60-day stay each party may file a Notice with the Court stating the reasons why mediation or other Court action should resume, including moving the Court for a lifting of the stay should either party deem it necessary due to a upon any further development or change of circumstances.

If this matter is not closed within 60 days, the parties shall file a report with the Court on the status of the matter and any future proceedings that may be necessary.


SO ORDERED this _____ day of _____, 2008


                                                Gladys Kessler
                                   United States District Judge